U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 0 9 2018

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREW PAUL MADRID | CIVIL ACTION NO. 1:18-0153 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| JOEL G. DAVIS<br>Individually and in his official capacity | MAG. JUDGE PEREZ-MONTES |

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## MEMORANDUM RULING

Before the court is a "Motion to Dismiss by Judge Joel G. Davis" (R. #14) wherein the Defendant moves to dismiss the instant lawsuit pursuant to Federal Rule Civil Procedure 12(b)(1) because this court lacks jurisdiction to hear Plaintiff's claims, and Rule 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted.

## ALLEGATIONS

In his complaint, *pro se* plaintiff, Andrew Madrid, complains that his constitutional rights were violated when Judge Davis issued a temporary restraining order, granted a divorce judgment, and issued an order restricting Plaintiff's visitation with his children to three (3) hours per week under supervision at the Whistle Stop. Plaintiff alleges that Judge Davis is biased because he applied the "best interest" of the child standard in granting the mother of Plaintiff's minor children custody, care and control. Mr. Madrid further complains that his constitutional rights were violated when Judge Davis limited his visitation and ordered Plaintiff to undergo and complete a psychological evaluation;

1

Plaintiff also complains that he was subjected to malicious prosecution. Mr. Madrid seeks declaratory and injunctive relief.[1]

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction...

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[2] Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss.[3] Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction.[4]

## RULE 12(b)(6) STANDARD

Fed. R. Civ. P. 8(a)(2) requires that pleadings which state one or more claims for relief must contain "...a short and plain statement of the claim showing that the pleader is entitled to relief..." This "notice pleading" requirement is balanced against Fed. R. Civ. P. 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

---

[1] R. #1.
[2] Robinson v. TCI/US West Communications, Inc., 117 F.3d 900 (5th Cir. 1997), citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) cert. denied, 454 I/S/ 897, 102 S.Ct. 396, (1981).
[3] Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994).
[4] Middle South Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986).

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled factual allegations as true and must view them in the light most favorable to the plaintiff.[5] The pleading must allege facts which, when taken as true, raise the pleader's claim to a plausible claim for relief. A motion to dismiss for failure to state a claim should be denied unless "it appears to a *certainty* that the plaintiff would be entitled to no relief under any state of facts" alleged in the petition.[6]

Only those facts which are well-pleaded and state a "plausible claim for relief" must be accepted.[7] A claim is plausible when the court can reasonably infer from the facts that the defendant is liable to the plaintiff; a claim is not plausible when it only states conclusions of a "formulaic recitation of the elements of a cause of action."[8] However, even those facts which are extremely doubtful are to be assumed correct.[9]

Judges have absolute immunity for judicial acts performed within their jurisdictions.[10] This immunity extends to all actions for damages under § 1983 regardless of whether the plaintiff seeks damages or injunctive relief.[11] "[A] federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought."[12]

---

[5] In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007) (internal citations omitted).
[6] Banco Continental v. Curtiss Nat'l Bank of Miami Springs, 406 F.2d 510, 514 (1969)(quoting Arthur H. Richland Co. v. Harper, 302 F.2d 324, 325 (5th Cir. 1962)(citing Des Isles v. Evans, 200 F.2d 614, 615 (5th Cir. 1952); Millet v. Godchaux Sugars, Inc., 241 F.2d 264, 265 (5th Cir. 1957)).
[7] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
[8] Whitley v. Hanna, 726 F.3d 631, 638 (2009)(quoting Ashcroft, 556 U.S. at 678).
[9] Twombly, 550 U.S. at 555; Lindquist v. City of Pasadena, 525 F.3d 383, 386 (5th Cir. 2008).
[10] Hale v. Harney, 786 F.2d 688. 690 (5th Cir. 1986).
[11] Patterson v. Orleans Par. Dist. Atty. Off., 2007 WL 5063238 *12-13 (E.D. La. Apr. 16, 2007).
[12] Id. at *13; see also Burden v. Walker, 2012 WL 2995702 (E.D. Tex. July 23, 2012)(request for prospective injunctive relief against state judicial officers, though permitted under Ex parte Young, forbidden under principle that federal courts lack the authority to direct state courts in the performance of their duties).

"The doctrine of judicial immunity extends to all acts performed by judges in their judicial capacity. . . ."[13] "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."[14] In order to overcome judicial immunity, a plaintiff must instead show that the actions complained of were "nonjudicial actions, *i.e.* actions not taken in the judge's official capacity" or that the actions though judicial in nature, were "taken in the complete absence of all jurisdiction."[15]

As previously noted, Plaintiff complains that the "best interest" of the child standard is unconstitutional resulting in Judge Davis being biased allegedly because his interests are to do what is best for the children. The Court finds that Plaintiff's arguments defy logic, are completely nonsensical and ultimately without merit.

This court has no authority to direct any state court judge in the performance of his or her duties,[16] nor is injunctive relief available under the Anti-Injunction Act.[17] Furthermore, federal courts do not have jurisdiction to decide domestic relations disputes;[18] the Fifth Circuit has held that the domestic relations exception applies to

---

[13] Daniels v. Stovall, 660 F.Supp.301, 303 (S.D. Tex. 1987)(quoting Shean v. White, 620 F.Supp. 1329, 1330 (N.D. Tex. 1985)).
[14] Mireles v. Waco, 112 S.Ct. 286, 287 (1991)(per curiam).
[15] Mireles, 112 S.Ct. at 288.
[16] Santee v. Quinlan, 115 F.3d 355. 351-57 (5th Cir. 1997)' Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973).
[17] 28 U.S.C. § 2283 (Injunctive relief is not expressly authorized by Act of congress and is not necessary in adi of this court's jurisdiction or to protect or effectuate its judgments.)
[18] See Ex parte Burras, 136 U.S. 586, 593-94, 10 S.Ct. 850 (1890)("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); Franks v. Smith, 717 F.2d 183, 185 (5th Cir. 1983)("issues of domestic relations are the province of state courts").

prevent federal courts from issuing or modifying "a divorce, alimony, or child custody decree."[19]

The Fifth Circuit has also recognized that although issues of domestic relations are the province of state courts, "[t]he mere fact that a claimed violation of constitutional rights arises in a domestic relations context does not bar review of those constitutional issues."[20] However, if "it is determined that an asserted constitutional violation has been forwarded solely for the purpose of obtaining federal jurisdiction or is wholly insubstantial and frivolous, or unless it is determined that such an asserted violation is clearly immaterial to the case, then dismissal for lack of subject matter jurisdiction is inappropriate."[21]

In the instant suit, Plaintiff alleges violations of his constitutional rights. Defendant asserts that Plaintiff has asserted constitutional violations for the sole purpose of obtaining federal jurisdiction. Defendant argues that the domestic relations exception bars this Court's review of Plaintiff's claims. "Constitutional questions rising in state proceedings are to be resolved by the state courts. If a state trial court errs, the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate courts."[22]

The Fifth Circuit has held that "judicial errors committed in state courts are for correction in state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours."[23] Even though Mr. Madrid's challenge of the state court proceedings alleges constitutional violations, said challenges must be

---

[19] Saloom v. Texas Dept. of Family and Child Protective Services, 578 F. App'x 426, 429-30 (5th Cir. 2014)(quoting Ankenbrandt v. Richards, 504 U.S. 689, 701-02, 706-07, 112 S.Ct. 2206 (1992)).
[20] Franks, 717 F.2d at 185.
[21] Id. at 185.
[22] Liedtke v. State Var of Texas, 18 F. 3d 315, 317 (5th Cir. 1994).
[23] Hale v. Harney, 786 F.2d 688, 690-91 (5th Cir. 1986).

resolved by the appropriate state appellate court. Furthermore, under Younger v. Harris[24] frequently referred to as Younger abstention, we find that this lawsuit in federal court would interfere with an ongoing state proceeding wherein Mr. Madrid can raise his challenges in the state court.[25]

## **CONCLUSION**

For the reasons set forth hereinabove, the motion to dismiss will be granted at Plaintiff's costs as this court lacks jurisdiction of the claims asserted by Plaintiff, and Plaintiff fails to state a claim upon which relief can be granted.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 9th day of May, 2018.

_____
**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[24] 401 U.S. 37, 40-41 (1971).
[25] See Bice v. La. Pub. Def. Bd., 677 F.3d 712, 716 (5th Cir. 2012)(there is no bar to plaintiff's presentation of his constitutional claims in state court.

6